Pamela J. PHILLIPS, Plaintiff,

v.

James BOWEN, individually and in his capacity as Sheriff of the County of Saratoga, M.T. Woodcock, individually and in his capacity as Chief Deputy Sheriff of the County of Saratoga, William S. Baker, individually and in his capacity as personnel director of Saratoga County and the County of Saratoga, Defendants.

No. 96–CV–536(LEK/DRH).

United States District Court,
N.D. New York.

March 27, 2000.

John Charles, Office of John D. Charles, Clifton Park, NY, for plaintiff.

John W. Bailey, Margaret Comard–Lynch, Ainsworth, Sullivan law Firm, Albany, NY, for defendants.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before this Court is Defendants' renewed motion for judgment as a matter of law. For the reasons set forth below, this motion is denied.

### I. BACKGROUND

A jury returned a verdict for plaintiff on 25 February 1998 and awarded $400,000 in damages. Defendants attempted to move for a renewed judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b), but the Court denied that motion because Defendants failed to provide any support from the record that they to made a Rule 50(a) motion, for a directed verdict. The Court permitted Defendants to refile their motion with the relevant supporting documents, which Defendants did a timely manner.

Plaintiff's motion for attorney fees is also currently pending.

### II. DISCUSSION

A. **Motion for Judgment Notwithstanding the Verdict**

1. *Standard for J.N.O.V.*

Fed.R.Civ.P. 50(b) permits a party to make a renewed motion for judgment as a matter of law. The purpose of requiring a renewed motion for judgment as a matter of law is to give the opposing party " 'an opportunity to cure the defects in proof that might otherwise preclude him [or her] from taking the case to the jury.' " *Cruz v. Local Union Number 3 of the Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1155 (2d Cir.1994) (quoting *Baskin v. Hawley*, 807 F.2d 1120, 1134 (2d Cir.1986)) (alteration in original). The same standard applicable to a Rule 50(a) motion for judgment as a matter of law governs a Rule 50(b) renewed motion for judgment as a matter of law. *See Raspente v. National R.R. Passenger Corp.*, 111 F.3d 239, 241 n. 3 (2d Cir.1997). The motion may be granted only if "the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in [her] favor." *Galdieri–Ambrosini v. National Realty and Dev. Corp.*, 136 F.3d 276, 289 (2d Cir.1998); *see also Vermont Plastics, Inc. v. Brine, Inc.*, 79 F.3d 272, 277 (2d Cir.1996). The Court will only grant the motion if "there is such a complete absence of evidence supporting the verdict that the jury's finding could only have been the result of sheer surmise and conjecture, or if the evidence is so overwhelming that reasonable and fair-minded persons could only have reached the opposite result." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 53–54 (2d Cir.1993); *see also Galdieri–Ambrosini*, 136 F.3d at 289. The Court "must give deference to all credibility determinations and reasonable inferences of the jury, and it may not itself weigh the credibility of witnesses or consider the weight of the evidence." *Galdieri–Ambrosini*, 136 F.3d at 289 (citing *Vasbinder v. Ambach*, 926 F.2d 1333, 1339–40 (2d Cir.1991)).

█ In order to make that *renewed* motion for judgment as a matter of law, Rule 50(b) requires that a motion for a directed verdict be made at the close of all the evidence. *See Hilord Chemical Corp. v. Ricoh Electronics, Inc.*, 875 F.2d 32, 37 (2d Cir.1989). And the Second Circuit has been quite clear that this "procedural requirement may not be waived as a mere technicality." *See Cruz*, 34 F.3d at 1154 (quoting *Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1214 (11th Cir.1991)). Moreover, even when a pre-verdict motion for judgment as a matter of law has been made, the movant may not add new grounds after trial. The post-trial motion is limited to those grounds that were "specifically raised in the prior [Rule 50(a) ] motion." *Samuels v. Air Transport Local 504*, 992 F.2d 12, 14 (2d Cir.1993); *see Cruz*, 34 F.3d at 1155; *Lambert v. Genesee Hospital*, 10 F.3d 46, 53–54 (2d Cir.1993) ("the specificity requirement is obligatory"), *cert. denied*, 511 U.S. 1052, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994); *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 368 (2d Cir.1988). In sum, a post-trial Rule 50(b) motion for judgment as a matter of law can properly be made only if, and to the extent that, such a motion specifying the same grounds was made prior to the submission of the case to the jury.

### 2. Defendants' Refiled Motion

Defendants' timely refiling of their J.N.O.V. on 15 November 1999 is supported by the required citations to the record. The record shows that their attempts to make a Rule 50(a) motion were postponed by this Court until after the verdict was returned. A meeting was held on 11 March 1999 for the purpose of allowing both parties to make not only post-trial motions, but to record certain pre-verdict motions that were not made during the trial. Thus, this Court will treat Defendants' postponed motions as a waiver, and will proceed to evaluate this motion on the merits.

### 3. Merits of Defendants' J.N.O.V. Motion

As a preliminary matter, this Court will treat Defendants' refiled Rule 50(b) motion papers as separate from the original motion filed on 30 March 1998, as the refiled motion includes references to, and a reproduction of, the original motion in its entirety.

█ Defendants' basis of their J.N.O.V. motion is that Plaintiff failed to state a valid 42 U.S.C. § 1983 claim. To establish a valid retaliation claim under § 1983, Plaintiff must show that 1) her conduct is protected by the First Amendment and 2) Defendants' conduct was motivated by her exercise of such co nstitutionally-protected conduct. *Bernheim v. Litt*, 79 F.3d 318, 324 (2d Cir.1996) (citations omitted). Public employees, such as the Plaintiff in this case, do not have an absolute right of free speech; courts must also recognize the government's interest in providing efficient and effective public service, and balance this interest against the plaintiff's rights. *Id., see also Lieberman v. Reisman*, 857 F.2d 896, 899 (2d Cir.1988) ("First Amendment rights [are] balanced against the need for governmental efficiency, especially the need to insure that electorate-sanctioned policies are effectively implemented."). If the subject matter of a public employee's speech is on a "matter of public concern," as opposed to matters of "personal interest," such speech is protected by the First Amendment. *Id.*

█ On a motion for J.N.O.V., this Court's only function is to determine if the jury's verdict is completely unsupported by the evidence in the record, against the standard set forth in *Bernheim*. The record contains considerable evidence of alleged acts of retaliation, certainly enough to enable a reasonable jury to find a verdict for Plaintiff. The key incidents appear to be Defendants' failure to issue a bulletproof vest for Plaintiff, and when the vest was delivered, it was supplied without an outside carrier; Defendants' refusal to

provide guidance during transfer of a suspect to a different county; and ordering her withdrawal from a case, in addition to general harassment in the workplace.

Defendants' reliance on the principles outlined in *Agosto–de–Feliciano v. Aponte–Roque*, 889 F.2d 1209 (1st Cir. 1989) is misplaced, as First Circuit decisions are not binding on this Court. In addition, this Court's use of *Agosto*'s standard of "unreasonably inferior workplace" during the trial was merely a descriptive phrase to assist the jury, and not with the intention to adopt the *Agosto* decision. However, even if the *Agosto* standard was used, the evidence of this case also supports a jury finding for the Plaintiff.

**B. *Motion for a New Trial***

Defendants also move for a Rule 59 motion, for a new trial. They assert four separate grounds for their motion, which are discussed separately below.

*1. Jury Charge as to Burden of Proof*

■ Defendants argue that it was error to charge the jury that Plaintiff must establish her claim by the preponderance of the evidence standard, and not the clear and convincing standard. Here again, Defendants rely on *Agosto*, which, as discussed previously, is not binding on this Court, and was not endorsed by this Court during the trial. In any event, a clear and convincing standard is required only if the legislature creates it for this type of claim; otherwise, civil cases adhere to the preponderance of the evidence standard.

*2. Jury Charge as to Substantive Law*

■ Defendants next argue that the jury should have been provided with examples of the "unreasonably inferior" standard, as were provided by the court to the jury in *Agosto*. They assert that because this Court used the *Agosto* standard, it should use the examples from that case as well. The *Agosto* court listed seven hypotheticals to illustrate just what they had in mind for the phrase "unreasonably inferior workplace." *Agosto*, at 1219.

Again, *Agosto* is not binding on this Court. In addition, the *Agosto* court cautioned against taking these hypotheticals too literally:

> We are well aware of the impossibility of devising detailed prescriptions that would cover future cases. We therefore caution that the suggested results in the following illustrations might well be altered by even slight factual variations. *Id.*

*3. Admission of Irrelevant and Prejudicial Evidence*

Defendants also argue that admitting the testimony of Sandra Ganesevoort was prejudicial and irrelevant, as she testified as to sexual harassment she experienced at Plaintiff's workplace.

Plaintiff had two claims in her action: a § 1983 retaliation claim, and a sexual discrimination claim. Ganesevoort's testimony was certainly relevant to Plaintiff's sexual discrimination claim (which the jury found for Defendants). In addition, Defendants fail to state a specific connection between Ganesevoort's testimony and the jury's finding for Plaintiff on the § 1983 claim.

*4. Jury Award is Excessive*

Finally, Defendants assert that the jury's total award of $400,000 is excessive. This amount is compensation only for emotional damages, because the jury did not find Plaintiff had suffered economically, and did not award any punitive damages.

■ This Court will not overturn a jury award unless it meets an extraordinarily high standard: the award must be "so high as to shock the judicial conscience and constitute a denial of justice." *Portee v. Hastava*, 104 F.3d 349, quoting *Zarcone v. Perry*, 572 F.2d 52, 56 (2d Cir.1978). In addition, the *Portee* court noted that emotional distress is difficult to quantify.

■ This Court cannot say that the award shocks the judicial conscience.

Furthermore, the award is amply supported by evidence in the record.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendants' renewed motion for judgment as a matter of law is DENIED; and it is

ORDERED that Defendants' motion for a new trial is DENIED; and it is

FURTHER ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.