Ari MOSKOWITZ, Plaintiff–Appellee,

v.

James D. COSCETTE, individually; Howard Mills, Individually, The Town of Walkill, NY, Defendants–Appellants.

No. 00–7671.

United States Court of Appeals, Second Circuit.

Jan. 22, 2001.

Monte J. Rosenstein, Middletown, NY, for appellants.

Jane Bilus Gould, Lovett & Gould, White Plains, NY, for appellee.

Present SACK, SOTOMAYOR and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be, and it hereby is, AFFIRMED.

Defendants Chief of Police Coscette and the Town of Walkill, New York, appeal from a judgment of the Southern District of New York (Yanthis, *Magistrate Judge,* sitting pursuant to 28 U.S.C. § 636(c)) in favor of plaintiff police officer Moskowitz awarding him damages based on a jury verdict, and injunctive relief. The jury found that Coscette and the Town of Walkill violated the plaintiff's First Amendment right to free speech contrary to 42 U.S.C. § 1983 and discriminated against him based on his military status in violation of 38 U.S.C. § 4311. The jury awarded the plaintiff $125,000 in compensatory damages and $75,000 against Coscette in punitive damages on the § 1983 claim.

After the verdict, the defendants moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b), or, alternatively, for a new trial or remittitur of damages pursuant to Fed.R.Civ.P. 59. The magistrate judge denied defendants' motions in their entirety. The defendants appeal the magistrate judge's denial of their post-trial motions. The defendants raise five principal issues on appeal: (1) the plaintiff's complaints were not protected by the First Amendment; (2) there was no adverse employment action; (3) the evidence was insufficient to uphold a judgment against them based on 38 U.S.C. § 4311; (4) the magistrate judge erred on several evidentiary rulings, and (5) the compensatory and punitive damages were excessive.

A district court may grant a motion for judgment as a matter of law only if there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture." *In re Joint E. & S. Dist. Asbestos Litig. v. United States Mineral Prods. Co.,* 52 F.3d 1124, 1131 (2d Cir.1995) (internal quotation marks and citation omitted). The district court "must view the evidence in a light

most favorable to the nonmovant and grant that party every reasonable inference that the jury might have drawn in its favor." *Purgess v. Sharrock*, 33 F.3d 134, 140 (2d Cir.1994). In reviewing a district court's denial of a motion for judgment as a mater of law, "we apply the same standard as the district court. Thus, we must determine whether, drawing all reasonable inferences regarding the weight of the evidence and the credibility of witnesses in favor of plaintiff, a reasonable jury could only have found for the defendants." *In re Joint E. & S. Dist. Asbestos Litig.*, 52 F.3d at 1131 (citation omitted).

 The defendants argue on appeal that the magistrate judge erred in instructing the jury that the plaintiff's complaints about the police department were protected speech under the First Amendment. We have held that "a public employee does not relinquish First Amendment rights to comment on matters of public interest by virtue of government employment." *Morris v. Lindau*, 196 F.3d 102, 109 (2d Cir.1999). A government employee can therefore base a claim under § 1983 on the assertion that his employer retaliated against him for his exercise of his First Amendment rights. In bringing this claim, the plaintiff must establish a prima facie case by a preponderance of the evidence that: "(1) his speech was constitutionally protected, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and the adverse employment determination against him, so that it can be said that his speech was a motivating factor in the determination." *Id.* at 110. "If a plaintiff establishes these three factors, the defendant has the opportunity to show by a preponderance of the evidence that it would have taken the same adverse employment action even in the absence of the protected conduct." *Id.* (internal quotation marks and citation omitted).

 Whether speech is constitutionally protected is a question of law for the court to decide. *See id.; Lewis v. Cowen*, 165 F.3d 154, 163 (2d Cir.1999). In deciding this question, a court must first determine "whether the speech addresses a matter of public concern." *Lewis*, 165 F.3d at 161. Speech addresses a matter of public concern when it relates to "any matter of political, social, or other concern to the community." *Lewis*, 165 F.3d at 161 (internal quotation marks and citation omitted).

 If the speech addresses a matter of public concern, a court then balances the interests of the employer in providing effective and efficient public services with the interest of the public employee in commenting on matters of public concern. *See Bieluch v. Sullivan*, 999 F.2d 666, 670 (2d Cir.1993). We have held that "[i]n balancing these interests, a court must consider whether the statement sought to be protected impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships ... or impedes the performance of the speaker's duties or interferes with the regular operation of the enterprise." *Lewis*, 165 F.3d at 162 (internal quotation marks and citation omitted). The defendant bears the burden of demonstrating that the speech threatens to interfere with its operations. *See id.* This burden increases as the speech's relation to matters of public concern increases. *See id.*

 The court did not err in instructing the jury that the plaintiff's statements that allegedly gave rise to retaliation against him constituted protected speech. The plaintiff's statements related to actions by other officers that involved the safety of the public or corruption within the police

department. And the defendants made no argument and presented no evidence that these complaints impaired the police department's operations.

■ The defendants also argue on appeal that the plaintiff suffered no adverse employment action. We have defined adverse employment action broadly, holding that it includes "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand." *Morris*, 196 F.3d at 110. We have further noted that "lesser actions may also be considered adverse employment actions." *Id.; see also, e.g., McEvoy v. Spencer*, 124 F.3d 92, 97 (2d Cir.1997); *Bernheim v. Litt*, 79 F.3d 318, 324–26 (2d Cir.1996). In this case the combination of the commencement of disciplinary proceedings against the plaintiff, his assignment to desk duty with the incident loss of potential overtime, negative evaluations, and denial of promotion to sergeant were a sufficient basis on which the jury could conclude that the plaintiff suffered adverse employment action.[1]

■ The defendants next claim that the evidence was insufficient to uphold a judgment against them based on 38 U.S.C. § 4311, the Uniformed Services Employment and Reemployment Act. This Act prohibits employers from discriminating on the basis of a person's military status or service and provides that members of the uniformed services cannot be "denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment" because of any obligation as a member of the uniformed services. 38 U.S.C. § 4311. The plaintiff asserts that because of his obligations as a member of the United States Army Reserves,

the defendants assigned him to desk duty, passed him over for promotion to sergeant, and retaliated against him for requesting to take leave for training by initiating disciplinary charges which but for this case would have led to termination.

There was sufficient evidence for the jury to have found for the plaintiff on this issue. The plaintiff's military leave is mentioned critically in his evaluation for the period of January 1, 1998 to June 30, 1998. Coscette initiated disciplinary proceedings on October 7, 1998, just two days after being informed of the plaintiff's upcoming military leave. The defendants' asserted reasons for initiating disciplinary action in October for events that occurred in August, meanwhile, were questionable and could have properly been disbelieved by the jury.

■ The defendants further take exception to several evidentiary rulings made by the magistrate judge. Specifically, they object to the court's admittance of tape recordings made by the plaintiff and the court's allowing testimony regarding the procedure used by the town in the disciplinary proceedings. "This Court reviews a district court's evidentiary rulings only for manifest error because [t]he decision of which evidence is admissible is one that is committed to the district judge's discretion." *Barrett v. Orange County Human Rights Comm'n*, 194 F.3d 341, 346 (2d Cir.1999) (internal quotation marks and citation omitted); *see also Caruolo v. John Crane, Inc.*, 226 F.3d 46, 54 (2d Cir.2000).

■ Defendants appear to argue both that the tapes lacked proper foundation and that the prejudice they created outweighed their probative value. A proper

---

1. The jury found that defendants did not fail to promote plaintiff to a sergeant because of his military status. The jury may have, however, found that defendants failed to promote plaintiff to a sergeant because of his protected speech, and this failure to promote could have provided a basis for the jury to conclude that plaintiff suffered adverse employment action in relation to that claim.

foundation was established by the plaintiff. *See* Fed.R.Evid. 901. The plaintiff testified how he made the tape, when he made it, and that it fairly and accurately recorded the conversations. *See United States v. Steinberg,* 551 F.2d 510, 515 (2d Cir.1977); *United States v. Knohl,* 379 F.2d 427, 440 (2d Cir.1967).

The admission of the tapes also did not violate Rule 403—their prejudicial effect did not outweigh their probative value. "Because the trial judge is in the best position to evaluate the evidence and its effect on the jury, his Rule 403 rulings are entitled to considerable deference and will not be overturned absent a clear abuse of discretion." *Costantino v. Herzog,* 203 F.3d 164, 173 (2d Cir.2000). The tapes revealed conversations that were relevant to the issues being tried. The jury knew that the plaintiff made the tapes and that the defendants did not know they were being recorded. The tapes were not inflammatory nor did they contain statements which were not otherwise testified to at trial. Thus, the magistrate judge did not abuse his discretion in admitting them into evidence.

We review a trial court's decision concerning the relevance of proffered evidence for abuse of discretion, *see United States v. Anglin,* 169 F.3d 154, 162 (2d Cir.1999), and conclude that the magistrate judge did not abuse his discretion in allowing testimony about the procedures for disciplinary proceedings. The plaintiff claims that the defendants initiated disciplinary proceedings because of his military status and because he exercised his First Amendment rights. In order to determine whether the defendants' explanations were a pretext for discrimination, it was proper for the plaintiff to establish what the procedures usually were and whether they were followed.

 Finally, defendants argue that the damages award was excessive. "It is well established in this Circuit that in section 1983 cases [t]he standard for appellate review of damage awards, whether compensatory or punitive, is whether the award is so high as to shock the judicial conscience and constitute a denial of justice." *Mathie v. Fries,* 121 F.3d 808, 813 (2d Cir.1997) (internal quotation marks and citation omitted) (alteration in original). "Punitive damages are available in a section 1983 case when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Id.* at 815 (internal quotation marks and citation omitted). In determining whether a punitive damages award shocks the judicial conscience, a court examines three factors: (1) the degree of reprehensibility of the conduct; (2) the ratio of punitive damages to compensatory damages; and (3) the difference between this penalty and comparable penalties authorized by law or imposed by judges and juries. *See Lee v. Edwards,* 101 F.3d 805, 809 (2d Cir.1996).

The plaintiff presented evidence in support of his compensatory damages award. He testified about the emotional distress he suffered, including headaches, nightmares, diarrhea, night sweats, nervousness, anxiety, and migraines. He also testified that he was denied overtime while assigned to desk duty and denied promotion to sergeant with its accompanying pay raise.

 In reference to the punitive damages award, there was sufficient evidence upon which the jury could have found Coscette's conduct to be culpable. And the ratio of punitive to compensatory damages—sixty percent—is also generally reasonable. *Cf. BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 583, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) (finding ratio of 500:1 excessive). Compared with other cases in-

volving similar claims, the damage awards in this case does not shock the judicial conscience. *See, e.g., Petramale v. Local No. 17 of Laborers' Int'l Union of N. Am.,* 847 F.2d 1009, 1013 (2d Cir.1988) ($100,000 compensatory damages for emotional distress suffered when disciplinary action initiated for speech); *Ikram v. Waterbury Bd. of Educ.,* 1997 WL 597111, at *3–4 (D.Conn. Sept.9, 1997) (compensatory award of $100,000 reasonable in First Amendment retaliation claim); *Phillips v. Bowen,* 115 F.Supp.2d 303, 306 (N.D.N.Y. 2000) (upholding award of $400,000 for emotional damages in § 1983 retaliation for exercise of right to free speech case); *Rush v. Scott Specialty Gases, Inc.,* 930 F.Supp. 194, 199 (E.D.Pa.1996) (rev'd on other grounds, 113 F.3d 476 (3rd Cir. 1997)) ($100,000 compensatory damage award based on Title VII plaintiff's emotional distress and depression). Thus, there is no basis for disturbing the jury's damages award.

The judgment of the district court is therefore hereby AFFIRMED.