Ari MOSKOWITZ, Plaintiff–Appellee,

v.

James D. COSCETTE, individually,
Defendant–Appellants,

Howard MILLS, individually, and The
Town of Wallkill, Defendant–
Appellees.

No. 02–7097.

United States Court of Appeals,
Second Circuit.

Nov. 15, 2002.

Stephen Bergstein, Thornton, Bergstein
& Ullrich, LLP, Chester, NY, for Defen-
dant–Appellant James D. Coscette.

Jane Bilus Gould, Lovett & Gould,
White Plains, NY, for Plaintiff–Appellee
Ari Moskowitz.

Marie Dusault, Greenwald Law Offices,
Chester, NY, for Defendant–Appellee
Town of Wallkill.

Present CARDAMONE, MINER, and
KATZMANN, Circuit Judges.

### SUMMARY ORDER

Appeal from the United States District
Court for the Southern District of New
York (Yanthis, *Magistrate Judge*, sitting
pursuant to 28 U.S.C. § 636(c)). **ON
CONSIDERATION WHEREOF, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED** that the judgment of the
District Court be and it hereby is **AF-
FIRMED.**

During the events giving rise to this litigation, plaintiff Ari Moskowitz served as a Wallkill, New York police officer, and defendant James D. Coscette was the Wallkill chief of police. Moskowitz sued Coscette and the Town of Wallkill (as well as an additional individual defendant, who is not relevant to this appeal) in the Southern District of New York (Yanthis, *Magistrate Judge*, sitting pursuant to 28 U.S.C. § 636(c)) pursuant to 42 U.S.C. § 1983 and 38 U.S.C. § 4311, alleging that he suffered several adverse employment actions in violation of his constitutional and statutory rights. Moskowitz won a jury verdict of $125,000 in compensatory damages against Coscette and the Town, and $75,000 in punitive damages against Coscette. After the verdict, the defendants moved for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b), or, alternatively, for a new trial or remittitur of damages pursuant to Fed.R.Civ.P. 59. The District Court denied the defendants' motions in their entirety in a Memorandum Decision and Order dated April 28, 2000. On January 22, 2001, we affirmed the verdict and damages award by summary order. *Moskowitz v. Coscette*, 3 Fed.Appx. 1, 2001 WL 51009 (2d Cir.2001). On May 2, 2001, Coscette filed a Rule 60(b) motion in the District Court seeking vacatur of the judgment against him on the basis that his lawyer's dual representation of him and of the Town of Wallkill constituted a prejudicial conflict of interest. In a Memorandum Decision and Order dated January 3, 2002, the District Court dismissed the motion. Coscette appeals the denial of his motion.

Rule 60(b)(6) provides that "relief may be granted for any other reason [i.e., not one of the reasons enumerated in Rule 60(b)(1–5)] justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). "[R]elief under Rule 60(b)(6) is appropriate only in cases presenting ex-traordinary circumstances." *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir.2001) (quoting *First Fid. Bank, N.A. v. Gov't of Antigua & Barbuda*, 877 F.2d 189, 196 (2d Cir.1989) (internal punctuation omitted)). We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Lawrence v. Wink*, 293 F.3d 615, 622–23 (2d Cir.2002).

Coscette points to various materials in the record that tend to demonstrate that the Police Commission had instructed him to build a case against Moskowitz, and argues that his trial counsel's failure to highlight these materials prejudiced him in two ways: (i) the materials could have provided the basis for arguing that he had reasonably and in good faith believed that his actions did not violate Moskowitz's rights and that he was therefore entitled to qualified immunity and (ii) the jury would have been less likely to award punitive damages against him had it recognized that he had undertaken his actions against Moskowitz under pressure.

We have recognized that a potential conflict can arise between the interests of a municipal employee and the interests of the municipality when both are defendants in a lawsuit arising out of the municipal employee's alleged misconduct. *See Dunton v. Suffolk County*, 729 F.2d 903, 907 (2d Cir.1984). For the reasons that follow, however, we do not believe that any conflict of interest here warrants Rule 60(b)(6) relief.

It is true that the fact that a police officer acts pursuant to orders can bolster a qualified immunity defense where the officer could reasonably have believed that he was not violating any rights. *See Varrone v. Bilotti*, 123 F.3d 75, 81 (2d Cir. 1997) (even though officers had executed an illegal strip search upon orders of a superior without being aware of basis for

strip search, they were entitled to qualified immunity because there was no indication "the order was facially invalid or obviously illegal"). It is also certainly possible that the jury would have viewed Coscette as less culpable had it perceived him merely to be following orders, and would not have awarded (or would have awarded lower) punitive damages. *See Dunton,* 729 F.2d at 909 (noting that dual representation was prejudicial in part because "[i]f the jury found that [defendant] was acting in good faith as a police officer, it might not have awarded punitive damages").

We are skeptical, however, of the viability of the qualified immunity defense here because it is difficult to conclude that it is reasonable for a police chief to believe that selective persecution of one officer does not violate such officer's rights. For the same reason, the fact that the Police Commission allegedly encouraged Coscette's treatment of Moskowitz does not necessarily make Coscette's decision to engage in that treatment less reprehensible. *See Mathie v. Fries,* 121 F.3d 808, 815 (2d Cir.1997) ("Punitive damages are available in a section 1983 case when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." (internal quotation marks and citation omitted)). The jury here heard much of the evidence of Police Commission involvement to which Coscette now points and still awarded punitive damages.[1]

Coscette's reliance on our decision in *Dunton v. Suffolk County,* 729 F.2d 903 (2d Cir.1984), is misplaced. In *Dunton,* the attorney representing the municipality and the officer sacrificed the officer's interests to those of the municipality by arguing that the officer acted not as a police officer but as an irate husband. *Id.* at 907–08. Here, in contrast, the defense attorney did not argue that Coscette's actions went beyond the scope of his employment, and the Town had in fact conceded that Coscette's actions were taken under the color of state law. There is simply no indication that at any time before, during, or after the trial the defense attorney took a position, advanced an argument, or adopted a strategy that benefitted the Town at Coscette's expense.

We conclude that any tension that may have existed within the dual representation of Coscette and Wallkill does not rise to the level of an "extraordinary circumstance" warranting Rule 60(b)(6) relief. Certainly, the District Court did not abuse its discretion in declining to vacate the judgment. Accordingly, we affirm the District Court's denial of the Rule 60(b) motion. The judgment of the district court is **AFFIRMED.**

1. For example, one of the commissioners testified that the Commission takes an extremely active role in hiring and promotion, and that the Commission itself had denied a promotion to Moskowitz in 1999 because of all of the problems he had encountered. This commissioner clearly hinted at the Commission's distaste for Moskowitz, commenting that the Commission "had just a number of problems with Officer Moskowitz over the years" and that it viewed the instant lawsuit as "more trouble from Officer Moskowitz" and "another Ari Moskowitz problem." Thus, the jury clearly had a sense of the Commission's relatively active supervisory role in police affairs and of the Commission's distaste for Moskowitz.